Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

Wayne A. Silver, Esq. (SBN 108135)
333 W. El Camino Real, Suite 310
Sunnyvale, CA 94807
(408) 720-7007
(408) 720-7001 – Facsimile
w_silver@sbcglobal.net

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIL CROSTHWAITE and RUSS BURNS, in their respective capacities as Trustees of the OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND, et. al.<br><br>Plaintiffs,<br><br>v.<br><br>RAISCH COMPANY, *dba* RAISCH PRODUCTS, a California Corporation; A. J. RAISCH PAVING CO.,<br><br>Defendants. | Case No.: C09-5595 CRB<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT / REQUEST TO CONTINUE**<br><br>Date: March 5, 2010<br>Time: 8:30 a.m.<br>Judge: Honorable Charles Breyer<br>Ctrm. Courtroom 8, 19th Floor<br><br>**ORDER** |

The Parties hereby submit their Joint Case Management Statement, requesting that the Case Management Conference be continued for 90-120 days.

1. There is little to no dispute that over the amount of money owed by Defendants to the Plaintiffs pursuant to the terms of their Collective Bargaining Agreements. The main issue, which is currently being addressed by the parties is relative to the financial condition of the defendant.

2. All assets of the Defendant companies are secured by a lien in favor of a lender. The principals of the Defendant companies are working with the lender to sell various pieces of equipment to pay off what is owed, while retaining some funds to pay other debts including the debt owed to the Plaintiffs.

3. Both parties are in general agreement to enter into a hybrid Stipulated Judgment and Settlement Agreement, working with the lender to have certain amounts paid to Plaintiffs in settlement of a portion of the claims made herein. The terms of this agreement are being discussed at the current time.

4. The parties participated in an ADR telephone conference on March 2, 2010, to discuss how to move forward. The ADR staff attorney was in agreement that a referral to mediation to take place at a later date in the event that the matter does not resolve is the best way to handle this matter. The recommendation to the Court should be filed by the ADR attorney in the next day or two.

5. Based on the foregoing, there are no issues to discuss at the upcoming Case Management Conference. Accordingly, the parties respectfully request that it be continued for 90-120 days to allow this matter to either resolve informally, or to allow the parties to participate in mediation if required.

Dated: March 2, 2010        **SALTZMAN & JOHNSON**
                                        **LAW CORPORATION**

                                        By: _____/s/_____
                                        Michele R. Stafford
                                        Attorneys for Plaintiffs

Dated: March 2, 2010        **WAYNE A. SILVER**

                                        By: _____/s/_____
                                        Wayne A. Silver
                                        Attorneys for Defendants



IT IS SO ORDERED
Judge Charles R. Breyer

**Case Management Conference continued to June 11, 2010 @ 8:30 a.m.**

P:\CLIENTS\OE3CL\Raisch\Pleadings\C09-5595 CRB - Joint CMC Statement.DOC